UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00625-RJC
(3:17-cr-00230-RJC-DSC-1)

| | |
|---|---|
| CHRISTOPHER LEE DAVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. [CV Doc. 1].[1]

## I.    BACKGROUND

On August 11, 2017, Petitioner was charged in a Bill of Information with one count of crack cocaine trafficking conspiracy involving 280 grams or more of a mixture and substance containing a detectable amount of crack cocaine, all in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count One); and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count Two). [CR Doc. 12: Bill of Information]. On the same day, the Government filed an Information Pursuant to 21 U.S.C. § 851 setting forth Petitioner's three previous felony drug offense convictions for the purpose of enhancing his

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:19-cv-00625-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:17-CR-00230-RJC-DSC-1.

sentence, including Petitioner's conviction under 18 U.S.C. § 924(c) for possession of a firearm in furtherance of drug trafficking. [CR Doc. 13: § 851 Information].

The parties reached a plea agreement pursuant to which Petitioner agreed to plead guilty to Counts One and Two in exchange for charging concessions made by the Government. [CR Doc. 14 at ¶¶ 1-2: Plea Agreement]. The Government noted "that a second/subsequent conviction under [§ 924(c) would have yielded] a mandatory-minimum and consecutive sentence of 25 years to life. [Id. at ¶ 2]. The plea agreement also addressed the statutory minimum and maximum sentences in detail. It provided that the penalty on Count One, for violation of 21 U.S.C. § 846, is a mandatory minimum sentence of 10 years, unless the Petitioner "has previously been convicted of a felony drug offense." [Id. at ¶ 5]. It further provided that if the Government files "notice of two or more prior felony drug convictions, the statutory term of imprisonment shall be increased to life imprisonment." [Id. (citing 21 U.S.C. § 841(b)(1)(A))]. The plea agreement specifically provided as follows:

> **In this case, the Government has filed an Information regarding two prior felony drug convictions pursuant to 21 U.S.C. § 851. The [Petitioner] stipulates, agrees, and affirms that the Information is accurate and valid for purposes of 21 U.S.C. § 851, and that the [Petitioner] has no challenge to the same. Thus, the [Petitioner] is facing a mandatory statutory sentence of life imprisonment. HOWEVER, if the [Petitioner] complies with each and every provision of this Plea Agreement, the United States will withdraw such Section 851 information at the time of sentencing, so the [Petitioner] will be facing a sentence of no less than ten (10) years nor more than life imprisonment.**

[Id. (emphasis in original)]. The agreement also provided that the maximum term of imprisonment on Count Two, for violation of 18 U.S.C. § 922(g)(1), was 10 years, but if Petitioner had three previous convictions for a violent felony or serious drug offense pursuant to 18 U.S.C. § 924(e)(1), the minimum term was 15 years. [Id.]. The parties also agreed to jointly recommend, pursuant to

2

Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, "if the Court determines from [Petitioner's] criminal history that U.S.S.G. §4B1.1 (Career Offender) or U.S.S.G. §4B1.4 (Armed Career Criminal) applies, such provision may be used in determining the sentence." [Id. at ¶ 8(c) (emphasis removed)]. Petitioner also waived his right to appeal or for post-conviction relief, other than for claims of ineffective assistance of counsel or prosecutorial misconduct. [Id. at ¶ 20]. Petitioner pleaded guilty in accordance with the plea agreement. [CR Doc. 18: Acceptance and Entry of Guilty Plea].

Before sentencing, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 22: PSR]. The probation officer calculated an adjusted offense level of 37, which resulted from finding Petitioner to be a career offender under U.S.S.G. §4B1.1. [Id. at ¶¶ 36, 44, 45]. With a reduction by three levels for acceptance of responsibility, Petitioner's Total Offense Level (TOL) was 34. [Id. at ¶¶ 46-48]. With a criminal history category of VI and a TOL of 34, the advisory guidelines range was 262 to 327 months. [Id. at ¶¶ 63, 97]. However, because the statutory mandatory minimum term on Count One was life imprisonment, the guideline term was also life.[2] [Id. at ¶¶ 96-97 (citing 18 U.S.C. §§ 846, 841(b)(1)(A) and 851 and U.S.S.G. §5G1.2(b), respectively)]. The PSR also reported the impact of the plea agreement:

> As it relates to Count 1, per the Plea Agreement, if the [Petitioner] has complied with each and every provision of the agreement, the Government will withdraw the 851 Information at the time of sentencing, thereby making his statutory minimum sentence not less than ten (10) years nor more than life imprisonment, and/or $10,000,000 fine, and at least five (5) years imprisonment. If the 21 U.S.C. § 851 is withdrawn, the [Petitioner's] guideline range will be reduced from life imprisonment to 262 – 327 months imprisonment. Therefore, the plea agreement significantly impacts the [Petitioner's] imprisonment exposure.

---

[2] Count Two carried a statutory minimum term of 15 years and a maximum term of life. [CR Doc. 22 at ¶ 96 (citing 18 U.S.C. §§ 922(g)(1) and 924(e)(1)].

3

[Id. at ¶ 98]. Petitioner did not object to the PSR. [Id. at p. 24].

At sentencing, Petitioner requested a "slight variance" of three offense levels. [Doc. 41 at 4-5: Sentencing Tr.]. This Court denied that request, noting that Petitioner had a "horrible" criminal history record and that Petitioner had committed "one continuous serious offense after another dating back to age 15." [Id. at 15]. After reviewing Petitioner's history of violating probation and committing crimes, the Court concluded that there did not "seem to be any set of laws that [Petitioner] is capable of complying with, either in terms of convictions or any kind of supervision." [Id. at 16]. The Court sentenced Petitioner to a term of imprisonment of 262 months on each count, to run concurrently. [CR Doc. 31 at 2: Judgment]. Judgment on Petitioner's conviction was entered on June 19, 2018. [Id.].

Petitioner appealed his conviction and sentence and the Fourth Circuit Court of Appeals affirmed. United States v. Davis, 767 Fed. App'x 535 (4th Cir. 2019). On appeal, Petitioner argued that his trial counsel provided constitutionally deficient representation by failing to challenge his classification as a career offender because his drug trafficking conspiracy offense is not a "controlled substance offense." Id. at 536. Petitioner relied on United States v. Whitley, 737 Fed. App'x 147 (4th Cir. 2018), which was decided after he was sentenced and held that the defendant's prior drug trafficking conspiracy offense under 21 U.S.C. § 846 was not a "controlled substance offense" because the conspiracy offense does not require an overt act. Davis, 767 Fed. App'x at 536. In rejecting Petitioner's argument, the Fourth Circuit noted that Petitioner was sentenced before Whitley and that "[a] lawyer does not perform deficiently by failing to raise novel arguments that are unsupported by then-existing precedent." Id. (quoting United States v. Morris, 917 F.3d 818, 823 (4th Cir. 2019)).

On November 19, 2019, Petitioner filed the instant motion to vacate. [CV Doc. 1]. Petitioner argues that his attorney provided ineffective assistance because his attorney did not object to Petitioner's classification as a career offender on the basis that his prior drug trafficking offence – conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 846 – is not a "controlled substance offense" under the career offender guideline, U.S.S.G. §4B1.2(b). [Id. at 4; CV Doc. 1-1 at 1-2]. Petitioner claims he was "prejudiced by his classification as a career offender," because without the designation the guideline range would have been 188 to 235 months. [CV Doc. 1-1 at 2]. For relief, Petitioner asks the Court to hold a hearing, vacate his sentence, and "resentence Petitioner's [*sic*] applying the guideline range of 188-235 months." [Id.]. On the Court's Order, the Government timely responded to Petitioner's motion. [CV Docs. 2, 3].

This matter is now ripe for adjudication.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient

5

performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, "[t]o avoid the distorting effects of hindsight, claims under Strickland's performance prong are 'evaluated in light of the available authority at the time of counsel's allegedly deficient performance.'" Morris, 917 F.3d at 823 (quoting United States v. Carthorne, 878 F.3d 458, 466 (4th Cir. 2017)). A lawyer does not provide deficient representation by "failing to bring novel or long-shot contentions," United States v. Mason, 774 F.3d 824, 830 (4th Cir. 2014), and counsel does not perform deficiently "by failing to anticipate changes in the law, or to argue for an extension of precedent." Morris, 917 F.3d at 823.

Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). To establish prejudice, the petitioner must demonstrate there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. It is not sufficient to show the mere "'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1994) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United

States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

When the ineffective assistance claim relates to a sentencing issue, the petitioner must demonstrate a "'reasonable probability' that his sentence would have been more lenient" but for counsel's error. Royal v. Taylor, 188 F.3d 239, 249 (4th Cir. 1999) (quoting Strickland, 466 U.S. at 694)). If the petitioner fails to meet this burden, the "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

Here, Petitioner argues that his attorney's representation was constitutionally deficient when he failed to object to Petitioner's classification as a career offender because *more than a month after* Petitioner was sentenced, the Fourth Circuit held, in an unpublished opinion, that conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846, is not a "controlled substance offense" and cannot support a defendant's career offender classification. See Whitley, 737 Fed. App'x at 149; see also U.S.S.G. §4B1.2(b). Before this, however, the Fourth Circuit's binding precedent established that conspiracy offenses "in violation of 21 U.S.C. § 846" qualify as "career offender offense[s] under the Guidelines provisions and commentaries." United States v. Kennedy, 32 F.3d 876, 888 (4th Cir. 1994). Kennedy has been repeatedly applied by the Fourth Circuit. See, e.g., United States v. Brandon, 363 F.3d 341, 345 (4th Cir. 2004); United States v. Walton, 56 F.3d 551, 555 (4th Cir. 1995).

Petitioner's attorney's failure to challenge long-standing precedent was not deficient. At the time of Petitioner's sentencing, Kennedy controlled the career offender issue Petitioner asserts should have been raised. Counsel's reliance on such precedent certainly fell within the wide range of reasonable professional assistance, particularly where counsel's representation is evaluated in

7

light of the available authority at the time of counsel's allegedly deficient performance. See Morris, 917 F.3d at 823; see Kornahrens v. Evatt, 66 F.3d 1350, 1360 (4th Cir. 1995) (holding counsel was not deficient for following a long-standing and well-settled rule of South Carolina criminal law – even when that rule was under attack in the United States Supreme Court at the time of trial."). As such, Petitioner has not shown deficient performance here.

Furthermore, Petitioner has not and cannot show a reasonable probability of a different result had his attorney objected to the career offender designation. See Royal, 188 F.3d at 249. Given the binding authority of Kennedy and the Fourth Circuit's adherence to it, there is no "substantial" likelihood that this Court would have sustained such an objection at the time of Petitioner's sentencing. See Harrington v. Richter, 562 U.S. 86, 112 (2011). It is also noteworthy that Petitioner does not insist on a trial now, but rather seeks to be resentenced without the career offender enhancement. The plea agreement in this case allowed Petitioner to avoid a life sentence on the Government's withdrawal of its § 851 Information. It also provided that the career offender designation, if applicable, which it was, could be applied in determining Petitioner's sentence. Additionally, without the plea agreement, Petitioner could and likely would have been charged with a second/subsequent § 924(c) offense, which would have carried a mandatory minimum and consecutive sentence of 25 years to life. Accordingly, Petitioner has not shown prejudice.

In sum, Petitioner has failed to show deficient performance or prejudice and his claim for ineffective assistance of counsel will be dismissed. See Strickland, 466 U.S. at 687-88; Royal, 188 F.3d at 249.

**IV. CONCLUSION**

For the foregoing reasons, the Court denies and dismisses Petitioner's Section 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1.  Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED**.

2.  **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: November 10, 2020

Robert J. Conrad, Jr.
United States District Judge